**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GREGORY TAYLOR,** | : | |
| | : | **Civil No. 1:14-CV-140** |
| **Plaintiff** | : | |
| | : | **(Judge Kane)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **USP-ALLENWOOD, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of the Case.

This case comes before the court for screening consideration of a complaint, (Doc. 1), filed by the plaintiff with the United States District Court for the Eastern District of Pennsylvania on January 6, 2014, and later transferred to this district.   In this complaint, the *pro se* plaintiff, Gregory Taylor, a federal prisoner who is presently housed at FCI McDowell, in Welch, West Virginia, has sued the "United States Penitentiary-Allenwood," and the "Central Office of Washington, D.C." (Id.) Having named these two institutional defendants, Taylor's complaint is somewhat unclear, both in terms of the claims it raises, and the relief which it seeks.   In this pleading, Taylor seems to complain about some institutional discipline which he received; protests the loss of some unidentified property; and alleges without further explanation that he has experienced long term medical malpractice.   (Id.)   According to Taylor's

January 6, 2014 complaint, the matters which give rise to his complaint all occurred on August 8, 2011, more than two years ago. (Id.) Taylor's prayer for relief is also somewhat confused, and requests that an incident report lodged against him be removed, as well as demanding compensation for some otherwise unidentified lost property. (Id.)

Prior to the transfer of this matter to this Court, Taylor was granted leave to proceed *in forma pauperis*. However, as part of our legally-mandated screening review of this pleading we find that Taylor has failed to state a claim upon which relief may be granted. Therefore, we recommend that the Court dismiss this complaint for failure to presently state a claim upon which relief can be granted, without prejudice to allowing the plaintiff to attempt to correct the deficiencies noted in this report and recommendation by filing an amended complaint.

## II.   Discussion

### A.   Screening of *Pro Se In forma Pauperis* Complaints–Standard of Review

This Court has an on-going statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

**(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted."  This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form

of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff.  Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994).  However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged."  Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do."  Id. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be

granted when ruling on a motion to dismiss.  In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  <u>Id.</u> at 679.  According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Id.</u> at 678.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

<u>Id.</u> at 679.

Thus, following <u>Twombly</u> and <u>Iqbal</u> a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.  As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter <u>Iqbal</u>, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but

may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'  Iqbal, 129 S.Ct. at 1947.  Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'  Id. at 1950.  Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'  Id."  Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

(a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions.   Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

In this regard, one of the basic requisites for a civil complaint is that it must recites some essential facts tying the defendants to some alleged misconduct.   This fundamental requirement is driven both by matters of principle, and by pragmatic considerations.  As a matter of principle and practice, a basic factual recital is essential in a complaint because it is simply impossible without such averments to properly assign individual responsibility to a particular defendant without some factual description of what has transpired.   Therefore, it is incumbent upon a plaintiff to describe who he seeks to sue, and what these parties did that violated the plaintiff's rights. When a plaintiff fails in this basic responsibility, it is the duty of the court to dismiss his claims.  See, e.g., Moss v. United States, 329 F. App'x 335 (3d Cir. 2009)(dismissing illegible complaint); Radin v. Jersey City Medical Center, 375 F. App'x 205 (3d Cir. 2010); Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005)(dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); Oneal v. U.S. Fed. Prob., CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006)(dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); Gearhart v. City of Philadelphia Police,

CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) dismissing illegible complaint).  Further, in order to satisfy the strictures of Rule 8, a complaint must also contain a coherent prayer for relief, demanding relief from a defendant that lies within the power of the defendant to provide.  See Klein v. Pike Cnty. Comm'rs, CIV.A. 11-278, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011)(failure to articulate a prayer for relief compels dismissal); Snyder v. Snyder, 4:12-CV-105, 2012 WL 512003 (M.D. Pa. Jan. 24, 2012) report and recommendation adopted, 4:12-CV-105, 2012 WL 511993 (M.D. Pa. Feb. 15, 2012)(same).

### B.   In Part, Taylor Seeks Habeas Corpus Relief in this Pleading, Which He Cannot Obtain From This Court

At the outset, we note that, to the extent that Taylor seeks to expunge a disciplinary citation, the relief he seeks is in the nature of a petition for writ of habeas corpus.  We cannot provide such relief to the plaintiff-petitioner in this Court since Taylor is currently incarcerated in West Virginia.  In a federal habeas corpus proceeding like that commenced by the petitioner, it is well settled that the warden of the institution where the inmate is currently incarcerated is the only proper respondent. Rumsfield v. Padilla, 542 U.S. 426, 434-35 (2004); Yi v. Maugans, 24 F.3d 500 (3d Cir. 1994); United States v. Kennedy, 851 F.2d 689 (3d Cir. 1988).  Indeed, as the United States Supreme Court has aptly observed:  "The federal habeas corpus statute straightforwardly provides that the proper respondent to a habeas petition is 'the

person who has custody over [the petitioner]. 28 U.S.C. § 2242, see also § 2243. . . .'[T]hese provisions contemplate a proceeding against some person who has the **immediate** custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Rumsfeld vs. Padilla, 542 U.S. 426, 433-436 (2004)(emphasis in original)(citations omitted). In Padilla, the court further observed that "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district; the district of confinement." Id. at 442.

This basic principle is also enshrined in the federal habeas statute itself, 28 U.S.C. § 2241(a), which plainly states that the power to issue writs of habeas corpus only extends to federal courts "within their respective jurisdictions." Thus, it is an essential prerequisite to entertaining a federal habeas petition that the district court must have personal jurisdiction over the petitioner's custodian who must be located within the territorial confines of the judicial district where the habeas petition is filed. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973).

In this case, these settled principles compel the conclusion that we lack jurisdiction to entertain this pleading as a federal habeas petition, filed by a federal prisoner in West Virginia, who is held outside the territorial jurisdiction of this Court.

Indeed, the United States Court of Appeals for the Third Circuit has expressly held that federal courts may not entertain habeas petitions persons who are held outside the territorial jurisdiction of the court.

In <u>Yi v. Maugans,</u> 24 F.3d. 500 (3d Cir. 1994), the court of appeals squarely addressed this issue, in the context of a petition filed by an immigration detainee. Affirming an order dismissing a federal habeas petition filed in the Middle District of Pennsylvania on behalf of immigration detainees housed outside the district, the court of appeals discussed and disposed of this claim, stating that:

> [the Petitioner] contends, however, that contrary to the district court's assertion it did not have to limit its habeas territorial jurisdiction to aliens held in the Middle District of Pennsylvania.  He reasons that because a writ of habeas acts upon the custodian of the detainee, the writ should issue to the district director of the INS, over whom the court did have personal jurisdiction, and thus detainees under the constructive custody of the district director, even those not within the court's district, should be subject to the court's habeas jurisdiction.  This argument has no merit. It is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action.  <u>See</u> <u>Ex Parte Endo</u>, 323 U.S. 283, 306, 65 S.Ct. 208, 220, 89 L.Ed. 243 (1944) (writ is directed to prisoner's "jailer").  This is because it is the warden that has day-to-day control over the prisoner and who can produce the actual body.  <u>See</u> <u>Brittingham v. United States</u>, 982 F.2d 378 (9th Cir.1992); <u>Guerra v. Meese</u>, 786 F.2d 414 (D.C.Cir.1986) (Parole Commission is not custodian despite its power to release the petitioner).

<u>Yi v. Maugans</u>, 24 F.3d 500, 507 (3d Cir. 1994).  Thus, in cases where the petitioner is no longer found within the territorial jurisdiction of the court, that court lacks jurisdiction to entertain the habeas petition; <u>see e.g.</u>, <u>Grigorian v. Morton</u>, No. 10-

3441, 2010 WL 2902537 (E.D. Pa. July 23, 2010); <u>Valdivia v. INS</u>, 80 F.Supp.2d 326

(D.N.J. 2000); <u>Carvajales-Cepeda v. Meissner</u>, 966 F.Supp. 207 (S.D.N.Y. 1997), and

this petition should be dismissed without prejudice to Taylor filing a federal habeas

corpus petition in the jurisdiction where he is currently held.

### C.      **Taylor's Complaint Improperly Name the United States Penitentiary and "Central Office" as Defendants in What Appears to be a Bivens- Tort Claim Action**

In addition, to the extent that Taylor is endeavoring to bring either a <u>Bivens</u>

constitutional tort claim or a negligence action under the Federal Tort Claims Act,

(FTCA), 28 U.S.C. § 2401, *et seq*. and 28 U.S.C. § 2675, *et seq*. his complaint–which

names the "United States Penitentiary Allenwood" and the "Central Office of

Washington, D.C." as defendants–confuses and conflates who may be sued under the

FTCA and <u>Bivens</u>.  In fact, <u>Bivens</u> constitutional tort actions and Federal Tort Claims

Act lawsuits have very different requirements in terms of the parties that may properly

be named as defendants, but neither Bivens nor the FTCA permit a claim against the

institutional defendants named by Taylor in this complaint.

With respect to inmate claims made under the Federal Tort Claims Act (FTCA),

28 U.S.C. § 2401, *et seq*. and 28 U.S.C. § 2675, *et seq*., as a threshold matter, "[t]he

FTCA allows federal inmates to sue the United States for injuries sustained while

incarcerated.  28 U.S.C. § 2674." <u>Moshier v.  United States</u>, No. 05-180, 2007 WL

1703536, * 9 (W.D. Pa. June 11, 2007); Baker v. United States, No. 05-146, 2006 WL 1946877, * 4 (W.D. Pa. July 11, 2006).  In this regard, "[t]he FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances.'" Sosa v. Alvarez-Machain, 542 U.S. 692, 700 (2004) (quoting Richards v. United States, 369 U.S. 1, 6 (1962)); CNA v. United States, 535 F.3d 132, 138 (3d Cir. 2008).  Federal district courts have jurisdiction over civil actions against the United States for damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under the circumstance where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  A person is permitted to sue under the FTCA to recover damages from the United States for personal injuries that he suffered during confinement in a federal prison that resulted from the negligence of a government employee.  See Rinaldi v. United States, No. 1:09-CV-1700, 2010 U.S. Dist. LEXIS 66024, at *11 (M.D. Pa. July 1, 2010) (Rambo, J.) (citing United States v. Muniz, 374 U.S. 150 (1963)).

However, due to the exclusive nature of the remedy available under the FTCA, and its jurisdictional prerequisites, a court may not entertain a civil suit for a claim cognizable under 28 U.S.C. § 1346(b) against "any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1); see also Meyer, 510 U.S. at 476.  As the United States Court of Appeals recently observed in affirming the dismissal of individual defendants from an inmate FTCA action:  "The only proper defendant in an FTCA suit is the United States itself.  See 28 U.S.C. § 2671 et seq.  The FTCA waives the United States' sovereign immunity for claims arising out of torts committed by federal employees 'under circumstances where ... a private person ... would be liable' under applicable state tort law.  See 28 U.S.C. § 1346(b)(1)."  Feaster v. Federal Bureau of Prisons,  366 F. App'x 322, 323 (3d Cir. 2010).  Therefore, when inmates bring actions against some individual or entity other than the United States for negligence under the FTCA the proper course to follow is to substitute the United States for these individual defendants and dismiss the individual defendants.  Id.

In contrast to FTCA actions, which must be brought against the United States, Bivens constitutional tort lawsuits can only be lodged against individual government officials.  Indeed, it is well-settled that Bivens actions against the United States – and, by extension, against federal agencies or officials sued in their official capacity – are

barred by sovereign immunity, absent an explicit waiver of that immunity.  FDIC v. Meyer, 510 U.S. 471, 483 (1994); Huberty v. United States Ambassador to Costa Rica, 316 F. App'x 120 (3d Cir. Aug. 21, 2008); Douglas v. United States, 285 F. App'x 955 (3d Cir. 2008); Jaffee v. United States, 592 F.2d 712, 717 (3d Cir. 1979); Bell v. Rossott, 227 F. Supp. 2d 315, 320 (M.D. Pa. 2002) (dismissing claim against individual federal defendants sued in their official capacity because the claims are essentially made against the United States).  Therefore, a Bivens action cannot be brought against the United States, or a federal agency, since such claims are plainly barred by the doctrine of sovereign immunity.

These principles defining proper parties in Bivens and FTCA actions control here and compel dismissal of the defendants currently named in Taylor's complaint. To the extent the plaintiff is currently proceeding, in part, under the FTCA, the United States of America is the only proper defendant with respect to these FTCA claims, and the prison and central office should be dismissed from any FTCA claims.  Similarly, a Bivens constitutional tort claim can only stand against individual government officials, and any Bivens claims asserted against the United States Penitentiary or the "Central Office" by the plaintiff must also be dismissed.

## D.      These Claims May Be Time-Barred

Further when conducting a screening review of a *pro se* complaint under 28

U.S.C. § 1915, a court may consider whether the complaint is barred under the

applicable statute of limitations.  As the United States Court of Appeals for the Third

Circuit recently explained when it affirmed the screening dismissal of a *pro se*

complaint on statute of limitations grounds:

> Civil rights claims are subject to the statute of limitations for personal
> injury actions of the pertinent state.   Thus, Pennsylvania's two year
> statutory period applies to [these] claims.  See Lake v. Arnold, 232 F.3d
> 360, 368 (3d Cir.2000).  The limitations period begins when the plaintiff
> knows or had reason to know of the injury forming the basis for the
> federal civil rights action. Gera v. Commonwealth of Pennsylvania, 256
> Fed.Appx. 563, 564-65 (3d Cir.2007).  Although we have not addressed
> the issue in a precedential decision, other courts have held that although
> the statute of limitations is an affirmative defense,  district court may *sua
> sponte* dismiss a complaint under § 1915(e) where the defense is obvious
> from the complaint and no development of the factual record is required.
> See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.2006); see also
> Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir.2006)
> (citation omitted)(finding that a district court's screening authority under
> § 1915(e) "differentiates in forma pauperis suits from ordinary civil suits
> and justifies an exception to the general rule that a statute of limitations
> defense should not be raised and considered sua sponte.").

Smith v. Delaware County Court 260 F. App'x. 454, 455 (3d Cir. 2008); see also

Jackson v. Fernandez, No. 08-5694, 2009 WL 233559 (D.N.J. Jan. 26, 2009); Hurst

v. City of Dover, No. 04-83, 2008 WL 2421468 (D. Del. June 16, 2008).

It is well-settled that <u>Bivens</u> constitutional tort claims are subject to the state statute of limitations for personal injury actions. <u>Wilson v. Garcia</u>, 471 U.S. 261, 266-67 (1985). In Pennsylvania, the statute of limitations for a personal injury action is two years. 42 Pa.C.S.A. § 5524. A cause of action accrues for statute of limitations purposes when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. <u>Sameric Corp. of Delaware, Inc. v. City of Philadelphia</u>, 142 F.3d 582, 599 (3d Cir. 1998); <u>see also</u>, <u>Nelson v. County of Allegheny</u>, 60 F.3d 1010 (3d Cir. 1995).

While this two-year limitations period may be extended based upon a continuing wrong theory, a plaintiff must make an exacting showing to avail himself of this grounds for tolling the statute of limitations. For example, it is well settled that the "continuing conduct of [a] defendant will not stop the ticking of the limitations clock [once] plaintiff obtained requisite information [to state a cause of action]. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy." <u>Barnes v. American Tobacco Co.</u>, 161 F.3d 127, 154 (3d Cir. 1998) (quoting <u>Kichline v. Consolidated Rail Corp.</u>, 800 F. 2d 356, 360 (3d Cir. 1986)). <u>See also</u> <u>Lake v. Arnold</u>, 232 F.3d 360, 266-68 (3d Cir. 2000). Instead:

> The continuing violations doctrine is an "equitable exception to the timely filing requirement." <u>West v. Philadelphia Elec. Co.</u>, 45 F.3d 744, 754 (3d Cir.1995). Thus, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing

the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." <u>Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.</u>, 927 F.2d 1283, 1295 (3d Cir.1991). In order to benefit from the doctrine, a plaintiff must establish that the defendant's conduct is "more than the occurrence of isolated or sporadic acts." <u>West</u>, 45 F.3d at 755 (quotation omitted). Regarding this inquiry, we have recognized that courts should consider at least three factors: (1) subject matter-whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency-whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence-whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate. <u>See id.</u> at 755 n. 9 (citing <u>Berry v. Board of Supervisors of Louisiana State Univ.</u>, 715 F.2d 971, 981 (5th Cir.1983)). The consideration of "degree of permanence" is the most important of the factors. <u>See Berry</u>, 715 F.2d at 981.

<u>Cowell v. Palmer Township</u>. 263 F.3d 286, 292 (3d Cir. 2001).

Here Taylor's complaint was filed on January 6, 2014, but alleges that his injuries were suffered on August 8, 2011, more than two years prior to the initiation of this lawsuit. Therefore on the face of the complaint these claims appear to be time-barred, absent recitation of some further well-pleaded facts showing that the limitations period has been tolled in some fashion.

### E.   <u>This Complaint Should Be Dismissed Without Prejudice</u>

In sum, in its current form this complaint fails to state a claim upon which relief may be granted for a number of reasons. While this screening merits analysis calls for

dismissal of this action, we recommend that the plaintiff be given another, final opportunity to further litigate this matter by endeavoring to promptly file a final amended complaint.  We recommend this course mindful of the fact that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay, Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Accordingly, it is recommended that the Court provide the plaintiff with an opportunity to correct these deficiencies in these *pro se* pleadings, by dismissing this deficient complaint and amended complaint at this time without prejudice to one final effort by the plaintiff to comply with the rules governing civil actions in federal court.

## III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint, be dismissed without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 20 days of any dismissal order.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28

U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 29th day of January, 2014.


**_S/Martin C.  Carlson_**
Martin C. Carlson
United States Magistrate Judge